# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE INDIANA

| | |
|---|---|
| JENNY GUNKEL and JAMES GUNKEL, Individually and as Wife and Husband, Plaintiffs, v. MELANIE CRYSLER and COSTCO WHOLESALE CORPORATION, Defendant. | CAUSE NO.: 1:19-CV-499-HAB-SLC |

**OPINION AND ORDER**

Defendants, after being sued by Plaintiffs in Allen County Superior Court for negligence, removed the matter to this Court. Plaintiffs request a remand to state court [Motion to Remand, ECF No. 12], arguing that remand is necessary because there is no basis for federal subject matter jurisdiction. Defendants, citing the doctrine of fraudulent joinder, disagree.

**BACKGROUND**

On October 21, 2019, Plaintiffs Jenny Gunkel and James Gunkel filed a Complaint in Allen Superior Court naming as Defendants Melanie Crysler (Melanie)[1] and Costco Wholesale Corp. (Costco). They filed an Amended Complaint on October 24, 2019. Plaintiffs allege that Jenny Gunkel was on the premises of the Costco store located in Fort Wayne, Indiana, on May 6, 2018, when she slipped and fell on syrup that had spilled on

---

[1] Defendants contend that Melanie Petty was incorrectly served as Melanie Crysler. The Court will refer to this Defendant by her first name.

the floor, causing serious physical injuries. Plaintiffs allege that the slip and fall incident was the result of the negligence of Costco employees, specifically, that they failed to "properly inspect and maintain its property in a safe condition for its customers," failed to "warn customers of a latent, dangerous condition" and failed to "remove a latent, dangerous condition from the premises." In Count I, Plaintiffs demand judgment against Costco in an amount that will reasonably compensate them for the injuries and damages sustained.

In Count II of the Amended Complaint, Plaintiffs allege that Melanie, a resident of Indiana, was the manager of the Fort Wayne Costco on May 6, 2018. According to the First Amended Complaint allegations, Plaintiffs' damages were the result of the negligence of Melanie in "negligently hiring, failing to properly train, and supervise Costco agents and/or employees and/or inspect, warn, and maintain the premises in a safe condition."

Count III is a loss of consortium claim against both Melanie and Costco.

On November 25, 2019, Defendants filed their Petition for Removal of Action to federal court, invoking diversity jurisdiction. The Petition noted that Costco is incorporated under the laws of the State of Washington and has its principal place of business in Washington. Defendant Melanie is a citizen of Indiana, as are both Plaintiffs. Normally, this would defeat diversity, but Defendants maintained that Melanie's nondiverse residency status was not an impediment to removal to federal court under the doctrine of fraudulent joinder. Defendants note that Melanie was not even working on the date of the subject incident. They submit that Plaintiffs' inclusion of an employee

that was neither in the store at the time of the incident, nor whose actions or inactions created the alleged defect, is an attempt to destroy diversity of citizenship and prevent removal under 28 U.S.C. § 1332. Plaintiffs' negligence claim, they insist, has no legal merit, as employees are not liable for the torts of a corporation solely because of their position; there must be some additional connection with the tort.

On December 23, 2019, Plaintiffs filed their Motion to Remand. They argue that the naming of a store manager in negligence cases does not constitute fraudulent joinder. Rather, because Melanie's liability under Indiana law is unsettled, and uncertainties regarding controlling substantive law must be resolved in favor of a plaintiff, the matter should be remanded to state court.

On January 20, 2020, Defendants filed their Response to Plaintiffs' Motion to Remand. Attached to the Response is the Affidavit of Melanie Petty. Plaintiffs did not file a reply.

## ANALYSIS

### A.     *Removal Jurisdiction and Fraudulent Joinder*

A defendant may remove any civil action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441. The federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[The] district courts may not exercise jurisdiction absent a statutory basis," *id.*, and the removing party "bears the burden of establishing federal jurisdiction," *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Here, Defendants allege that jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 which, in relevant part, provides

that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Defendants admit that complete diversity is lacking but nonetheless removed the matter under the fraudulent joinder doctrine, which "permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (first quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999), then citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999)). The fraudulent joinder doctrine imposes a burden far more stringent than that ordinarily imposed on a removing defendant. *See Schur*, 577 F.3d at 764 (7th Cir. 2009).

"Fraudulent," in this context, is a term of art. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). A defendant invoking the doctrine must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur*, 577 F.3d at 764. (emphasis and internal quotation omitted). The Court must look at both the facts alleged and the law governing the complaint to determine whether plaintiffs have "some chance of success" on their claims under state law. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015); *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) ("Under the fraudulent joinder doctrine . . . , an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has

4

'no chance of success.'"). A plaintiff's motive in naming a non-diverse defendant is not relevant. *Poulos*, 959 F.2d at 73.

A removing defendant may present uncontested evidence to show that the facts of the case preclude a plaintiff's claim against a nondiverse defendant. For example, where a removing defendant provides an uncontroverted affidavit demonstrating that a nondiverse defendant had "absolutely nothing to do with" the claims raised by the plaintiff, the lack of diversity does not prevent removal. *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992). In such circumstances, the plaintiff's claim against the nondiverse defendant fails because the undisputed evidence demonstrates that the plaintiff could not factually establish an essential element of the claim. *See id.*

Fraudulent joinder may also apply where a plaintiff's claim against the nondiverse litigant has no reasonable legal merit, such as where a plaintiff sues an entity who cannot be held liable under established state law. *See Poulos*, 959 F.2d at 73-74 (applying fraudulent joinder to disregard parent company's citizenship where plaintiff sued parent company for injury allegedly caused by subsidiary). "At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id.*, 959 F.2d at 73.

## B.    *Claims Against Melanie*

Plaintiffs allege that Melanie is liable to Plaintiffs for "negligently hiring, failing to properly train and supervise Costco" employees or because she did not "inspect, warn, and maintain the premises in a safe condition." (Am. Compl., Count II.)

As set forth above, Defendants must show that there is no reasonable possibility that an Indiana court would rule against Melanie on Plaintiffs' negligence claim. Although Defendants' burden in asserting fraudulent joinder is heavy, the Seventh Circuit has held that "it need not negate any possible theory that [Plaintiffs] might allege in the future: only [their] present allegations count." *Poulos*, 959 F.2d at 74. Defendants do not dispute that "Indiana law is wholly unsettled regarding the extent that a plaintiff may bring a claim in negligence against a store manager, based on a delegation of the premise owner's duties toward invitees." (Defs.' Resp. 5, ECF No. 19 (citing *Antonio v. Wal-Mart*, No. 1:07CV006 JDTTAB, 2007 WL 2884371, at *7 (S.D. Ind. Sept. 27, 2007).) However, that is not the end of the inquiry, they assert, because "the issue is otherwise addressed in Indiana law that a corporate officer, stockholder, director, agent, or employee is not personally liable for the alleged torts of the corporation merely because of her office – the law requires some additional connection with the tort." (*Id.* (citing *Greg Allen Constr. Co. v. Estelle*, 798 N.E.2d 171, 173 (Ind. 2003); *State Civil Rights Com'n v. Cty. Line Park, Inc.*, 738 N.E.2d 1044, 1050 (Ind. 2000); *Hanson v. St. Luke's United Methodist Church*, 682 N.E.2d 1314 (Ind. Ct. App. 1997); *Bowling v. Holdeman*, 413 N.E.2d 1010 (Ind. Ct. App. 1980).) Defendants assert that the additional connection to the alleged tort is lacking in this case.

Defendants first point to the fact that Melanie was not in or at the Costco Store on the date of the incident alleged in the First Amended Complaint. (Aff. of Melanie Petty, ¶ 3.) Accordingly, she was not the "manager on duty" and could not have been negligent in failing to properly inspect and clean floors on that date, nor negligent in failing to warn

6

of the danger of an unclean floor. (*Id.*, ¶¶ 3–6.) Additionally, Melanie had no role in hiring or training Nathan Newport, the floor manager who was working that date. (*Id.* ¶¶ 7, 8.) Neither were any of the employees under Melanie's supervision or direction involved with Nathan's training; he was initially hired and trained at the Costco store located in Chico, California. Nathan worked at the California store from June 2010, when he was hired, until he was transferred to Fort Wayne in 2014.

C. *Indiana Law*

A plaintiff must establish three elements to recover on a theory of negligence: (1) the existence of a duty on the part of the defendant to conform her conduct to a standard of care arising from her relationship with the plaintiff; (2) the failure of the defendant to conform her conduct to the requisite standard of care; and (3) an injury to the plaintiff proximately caused by that failure. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 250 (Ind. 1996).

Absent a duty there can be no negligence or liability based upon the breach. *Peters v. Forster*, 804 N.E.2d 736, 738 (Ind. 2004). "The duty a landowner owes to an invitee is well-established by Indiana premises liability law: a landowner must exercise reasonable care for the invitee's protection while the invitee is on the premises." *Rose v. Martin's Super Mkts. L.L.C.*, 120 N.E.3d 234, 239 (Ind. Ct. App. 2019); s*ee also* 21 Ind. Law Encyclopedia Negligence § 17 (noting that, in Indiana, the duty to ensure the safety of an invitee in Indiana is generally thought to fall on the owner or occupier of the land). The Restatement (Second) of Torts § 343 (1965), also refers to the duties that a "possessor of land" has to his invitees. *See Schultz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App.

7

2012). Additionally, because the duty to exercise reasonable care is not a duty to insure the business invitee's safety, an invitor "must have actual or constructive knowledge of the danger" before liability may be imposed. *Id.*

Under Indiana agency law, "[a]n employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment." *Barnett v. Clark*, 889 N.E.2d 281, 284 (Ind. 2008) (quoting Restatement (Third) of Agency, § 7.07(1) (2006))[2]. However, an agent can also be liable to a third party. If an agent's tortious conduct breaches a duty that the agent owes to the principal, the agent is subject to liability to the principal for harm caused by the breach. Restatement (Third) of Agency § 7.01 (2006). But if the agent's conduct satisfies the elements of a tort, he is also responsible to the victim of that tort. *Id.*

> The justification for this basic rule is that a person is responsible for the legal consequences of torts committed by that person. A tort committed by an agent constitutes a wrong to the tort's victim independently of the capacity in which the agent committed the tort. The injury suffered by the victim of a tort is the same regardless of whether the tortfeasor acted independently or happened to be acting as an agent or employee of another person.

Restatement (Third) Of Agency § 7.01 (2006). "An agent is not subject to liability for torts committed by the agent's principal that do not implicate the agent's own conduct; there is no principle of 'respondeat inferior.'" *Id.*, comment d. "Likewise, an agent is not subject to liability for torts committed by the agent's predecessor or coagent." *Id.* "However, an agent whose assigned function within an organization includes the supervision of others

---

[2] This section of the Restatement (Third) of Agency consolidates treatment of points made by Restatement (Second) Agency, in several sections, including §§ 217, 343, 344, 345, 346, 347, 348, 349, 350, 351, 358, and 360.

8

may be subject to liability when a failure by the agent properly to supervise breaches a duty that the agent owes to a third party." *Id.*

**D.     No Claim Against Melanie**

The Court finds that there is no reasonable possibility that an Indiana court would rule against Melanie. Plaintiffs allege that Melanie is liable to them because she did not inspect, warn, and maintain the premises in a safe condition. This is an allegation that she failed to adhere to the standard of care owed to invitees of Costco. But there is no factual or legal basis for such a claim. Melanie was not the possessor of the land or the invitor; Costco was. Therefore, she can only be responsible for the legal consequences of torts she committed and that implicate her own conduct. Melanie, who was not on the premises on May 6, 2018, had no ability or obligation to inspect, warn, or maintain the Costco premises on that date. It would have been impossible for Melanie to have had actual or constructive knowledge of syrup on the floor when she was not physically present in the store.

Plaintiffs also alleged that Melanie is liable for failure to supervise Costco employees. Again, she could not have been supervising or directing the actions of anyone on the date of the incident. If her coagent, the manager on duty, committed any tort, it does not implicate Melanie. Any suggestion that Plaintiffs can craft a claim for negligent failure to train out of the facts of this case is also without merit. The first element in any negligence claim is a duty on the part of the defendant in relation *to the plaintiff*. If Melanie had any duty to train, it was a duty she owed to Costco, not to the Plaintiffs.

Although Indiana recognizes the tort of negligent hiring and retention of an employee, it is claim that can only be asserted against the employer. *See Frye v. Am. Painting Co.*, 642 N.E.2d 995, 998 (Ind. Ct. App. 1994) (noting that Indiana has adopted the Restatement (Second) of Torts § 317 for application to such cases). The Restatement expressly refers to the duty owed by the "master" as it relates to his control over "his servant." *Id.* Moreover, the tort only applies when the employee "steps beyond the recognized scope of his employment to commit a tortious injury upon a third party." *Tindall v. Enderle*, 320 N.E. 2d 764, 767–68 (Ind. Ct. App. 1974). "[T]he proper vehicle for a direct action aimed at recovering the damages resulting from a specific act of negligence committed by an employee within the scope of his employment" is the doctrine of respondeat superior. *Id.* at 768.

The Court has located no precedent from Indiana courts that would permit a negligence claim against Melanie. The caselaw cited as potentially creating confusion simply does not apply here. For example, *Greg Allen Construction Co. v. Estelle*, 798 N.E.2d 171, 174 (Ind. 2003), has been cited for the proposition, from Section 352 of the Second Restatement of Agency, that "[a]n agent is not liable for harm to a person other than his principal because of his failure adequately to perform his duties to his principal, unless physical harm results from reliance upon performance of the duties by the agent, or unless the agent has taken control of land or other tangible things." This Court has read the entirety of Section 352 and the sections cross-referenced therein, as well as the more recent Third Restatement. These provisions do not suggest a possible basis of liability against Melanie under the facts of this case.

The fraudulent joinder doctrine is designed to "strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting 14B Wright, Miller, Cooper & Steinman, § 3723 pp. 788–93). The Court is aware that other district courts faced with similar claims have found that Indiana law is unsettled regarding the extent that a plaintiff may bring a claim in negligence against a store manager. This Court does not find that any such uncertainty affects this case and its particular facts. Rather, as Defendants note, existing law is sufficiently developed to answer the question of whether Melanie had any independent duties to Plaintiffs on May 6, 2018, that, if breached, could have caused Plaintiffs' injuries.

This Court has no trouble concluding that no Indiana state court would rule against Melanie. The reasonable balance of interests in this case warrants that it disregard, for jurisdictional purposes, Melanie's citizenship, assume jurisdiction over the case, dismiss Melanie, and retain jurisdiction.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Remand [ECF No.12] and DISMISSES Defendant Melanie Crysler from this litigation.

SO ORDERED on February 18, 2020.

s/ *Holly A. Brady*  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT